CLIFFORD D. SETHNESS (Bar No. 212975)
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
Fax: 213.612.2554
csethness@morganlewis.com

ERIC MECKLEY, SBN 168181
JENNIFER P. SVANFELDT, SBN 233248
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, California 94105-1126
Telephone: 415.442.1000
Facsimile: 415.442.1001
emeckley@morganlewis.com
jsvanfeldt@morganlewis.com

Attorneys for Plaintiff
PACIFIC MARITIME ASSOCIATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PACIFIC MARITIME ASSOCIATION,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 10 and INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 34, unincorporated labor organizations,<br><br>　　　　　Defendants. | Case No. C 13-04887 WHO<br><br>**STIPULATION AND [PROPOSED] ORDER TO CONFIRM AND ENFORCE JOINT CLRC RULING AND TO DISMISS ACTION** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

STIPULATION AND [PROPOSED] ORDER
C 13-04887 WHO

**STIPULATION**

Plaintiff Pacific Maritime Association ("PMA") and Defendants International Longshore and Warehouse Union ("ILWU") Local 10, and ILWU Local 34, through their respective counsel of record, hereby STIPULATE as follows:

On October 21, 2013, the Joint Coast Labor Relations Committee ("CLRC") held a meeting pursuant to the ILWU-PMA collective bargaining agreement. On October 22, 2013, the CLRC issued a ruling set forth in meeting minutes labeled CLRC Meeting No. 22-13, a copy of which is attached to this Stipulation as Exhibit A, along with the three (3) underlying area arbitration awards. The parties agree that the ruling in CLRC Meeting No. 22-13, as written, should be confirmed and enforced by the Court. Upon confirmation and enforcement of this ruling, this action should be dismissed with prejudice. Each party agrees to bear its own attorneys' fees and costs.

Dated: October 24, 2013      MORGAN, LEWIS & BOCKIUS LLP

By: _____/S/ Eric Meckley_____
Eric Meckley
Attorneys for Plaintiff
PACIFIC MARITIME ASSOCIATION

Dated: October 24, 2013      LEONARD CARDER LLP

By: _____/S/ Eleanor Morton_____
Eleanor Morton
Attorneys for Defendants
ILWU LOCAL 10 AND ILWU LOCAL 34

**ORDER**

Based on the foregoing Stipulation, the Court hereby CONFIRMS and ENFORCES the ruling in CLRC Meeting No. 22-13, attached hereto as Exhibit A, pursuant to 29 U.S.C. § 185. This action is DISMISSED with prejudice. Each party shall bear its own costs and fees.

Dated:_____                   _____
                                                Hon. William H. Orrick
                                                United States District Judge

**Exhibit A**

## MINUTES OF THE SPECIAL MEETING OF THE
## COAST LABOR RELATIONS COMMITTEE

Meeting No. 22-13

Time/Date:   Monday, October 21, 2013 – 3:00 p.m.

Place:   Via Teleconference

Present:   For the Union                     For the Employers
          R. Ortiz, Jr.                     R. Marzano
          L. Sundet

Also Present:   K. Donovan

    The Employers stated that they called for this telephone meeting pursuant to PCL&CA Section 17.282, following the issuance of Area Arbitration decisions NCAA-60-2013, NCAA-61-2013 and NCAA-62-2013. The Employers advised the Union that following the Area Arbitrator's rulings earlier today the Local 10 and Local 34 workforce failed to return to work, effectively shutting down numerous vessel and gate operations in the Port of Oakland.

    Following further discussion and a review of the Area Arbitration Awards, the Employers made the following motions:

1) That Area Arbitration Awards NCAA-60-2013, NCAA-61-2013 and NCAA-62-2013 have not been complied with, as required by Section 17.57 of the PCL&CA.

2) That the CLRC affirm Area Arbitration Awards NCAA-60-2013, NCAA-61-2013 and NCAA-62-2013.

3) That the Locals are required to secure conformance to the awards.

4) That protests or demonstrations at Oakland marine facilities by truckers, or groups or individuals in support of the truckers, are not bona-fide picket lines (PCL&CA Section 11.51) and shall not be honored by the ILWU workforce, and that to honor such demonstrations as picket lines is a violation of PCL&CA Section 11.1.

The Union voted "Yes."

The Union reserved its locals' right to stand-by under Section 11.41 should conditions significantly change.

CLRC Meeting No. 22-13
October 21, 2013
Page 2 of 2

Date Signed: 10/22/13

For the Union:

_[signature]_

_[signature]_

Date Signed: 10/22/13

For the Employers:

_[signature]_

|  |  |
|---|---|
| IN THE MATTER OF CONTROVERSY | ) NCAA-0060-2013 |
| BETWEEN | ) INTERIM DECISION |
| INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 10 | ) Of<br>) Terry N. Lane<br>) Northern California Area Arbitrator |
| AND | ) |
| PACIFIC MARITIME ASSOCIATION | ) Under the Authority of the Pacific<br>) Coast Longshore Contract Document<br>) 2008 – 2014 |
| Re: Protest Demonstration – Three Oakland Container Terminals | ) Oakland, California |

The hearing commenced at 9:05 a.m. on Monday, October 21, 2013, at the parking lot gate of Ports America Outer Harbor Terminal, Berths 20-24. The hearing reconvened at 9:25 a.m. at the main entrance to Seaside Transportation Services Terminal, Berths 35-37, and at 9:45 a.m. at the main entrance and parking lot entrance at Oakland International Container Terminal, Berths 57-59, Oakland, California. Each party was afforded a full opportunity for the examination and presentation of relevant arguments, documents and testimonies of witnesses. No transcript was made of this Hearing.

**APPEARANCES:**

FOR THE EMPLOYERS:  Dave Robinson
 Matt McKenna
 Pacific Maritime Association

FOR THE UNION:  Mike Villeggiante
 Ed Ferris
 Ed Henderson
 Melvin Mackay (STS and OICT only)
 ILWU Local 10

ALSO PRESENT:  Jean-Marc Sorhondo, Ports America (PAOH only)
 Mark Simpson, Ports America (PAOH and STS only)
 Brandon Olivas, Ports America (PAOH and STS only)
 Kevin Mehlberg, SSAT (PAOH and OICT only)
 Vince McCullough, SSAT (OICT only)
 Various Longshoremen

**ISSUE:**

Whether there was an immediate threat to the health and safety of longshoremen due to the presence of protestors and Oakland Police.

**BACKGROUND:**

Protestors appeared at the three terminals at approximately 6:30 a.m. The protestors carried picket signs stating "UNFAIR," "WE R 99," "OCCUPY," "GREEN AIR," and "WE APPRECIATE ILWU SUPPORT." Oakland Police Officers were present at the gates to assure access to the terminals.

Area Award No. NCAA-0060-2013                                                                                               Page 2
Monday, October 21, 2013


**UNION'S POSITION:**

The presence of Oakland Police is an immediate threat to the health and safety of longshoremen.  ILWU Local 10 members were injured in a demonstration in 2004 by the police.  Longshoremen are unwilling to pass by a line of police officers in order to go to work.  The protestors are numerous and have serious issues that they are protesting.

**EMPLOYER'S POSITION**:

The Port of Oakland has obtained a Temporary Restraining Order that prohibits the protestors from blocking access to the terminals.  The presence of the police assures that it is safe for the longshoremen to enter the terminals and go to work.

**DISCUSSION:**

The Area Arbitrator observed the gate area at each of the terminals.  Trucks with containers were entering the gates at Ports America Outer Harbor and Seaside Transportation Services.  The protestors were positioned away from the gates and police were present both on foot and in vehicles.  The demeanor of the police and the protestors was non-threatening.

The following Decision was issued orally at the conclusion of the hearing session at each of the three terminals.

**DECISION:**

1.  Longshoremen shall enter the terminal and go to work as ordered by the employer.

2.  There was no immediate threat to the health and safety of longshoremen due to the presence of protestors or police at the gate access at Ports America Outer Harbor, Seaside Transportation Services and Oakland International Container Terminal.

3.  There was no standby time payable.

4.  This was a bona fide health and safety dispute.


*Terry N Lane* (signature)
_____
Terry N. Lane
Northern California Area Arbitrator


Dated:  Monday, October 21, 2013

|  |  |
|---|---|
| IN THE MATTER OF CONTROVERSY | NCAA-0061-2013 |
| BETWEEN | INTERIM DECISION |
| INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 10 | Of<br>Terry N. Lane<br>Northern California Area Arbitrator |
| AND | |
| PACIFIC MARITIME ASSOCIATION | Under the Authority of the Pacific Coast Longshore Contract Document 2008 – 2014 |
| Re: Employer Motions of Violations of Sections 17.57, 11.1 and 17.282 | Oakland, California |

The hearing commenced at 11:00 a.m. in the parking lot at Ports America Outer Harbor Terminal, Berths 20-24, Oakland, California. Each party was afforded a full opportunity for the examination and presentation of relevant arguments, documents and testimonies of witnesses. No transcript was made of this Hearing.

**APPEARANCES:**

FOR THE EMPLOYERS:   Dave Robinson
                     Matt McKenna
                     Pacific Maritime Association

FOR THE UNION:       Mike Villeggiante
                     Ed Ferris
                     ILWU Local 10

**ISSUE:**

Whether the Union, its Officials and members, are guilty of violations of Sections 17.57, 11.1 and 17.282 for failing to implement Interim Decision NCAA-0060-2013.

**BACKGROUND:**

Protestors and Oakland Police were present at the entrance gates to Ports America Outer Harbor Terminal (PAOH), Seaside Transportation Services Terminal (STS), and Oakland International Container Terminal (OICT). Interim Decision NCAA-0060-2013 stated as follows:

1. Longshoremen shall enter the terminal and go to work as ordered by the employer.

2. There was no immediate threat to the health and safety of longshoremen due to the presence of protestors or police at the gate access at Ports America Outer Harbor, Seaside Transportation Services and Oakland International Container Terminal.

3. There was no standby time payable.

4. This was a bona fide health and safety dispute.

Area Award No. NCAA-0061-2013　　　　　　　　　　　　　　　　　　　　　　　　Page 2
Monday, October 21, 2013

**EMPLOYER'S POSITION**:

Longshoremen refused to enter the terminals and go to work following Interim Decision NCAA-0060-2013. This resulted in no work being performed on the *Barge Luna Rosa* at PAOH, the container vessel *Ever Devote* at STS, and the vessel *Dresden Express* and *Barge M-580* at OICT. There was also no yard work being performed at OICT. The yard and gates were operating at PAOH and STS. The Employers maintained that ILWU Local 10 is in violation of Section 17.57 for failing to observe and/or implement Interim Decision NCAA-0060-2013. The Employers maintained that the result was work stoppage at PAOH, STS, and OICT in violation of Section 11.1. The Employers argued that the grievance machinery has failed to work in accordance with Section 17.282.

**UNION'S POSITION:**

The Union officials immediately informed the members present at each terminal of the ruling of NCAA-0060-2013. The longshoremen were advised to go to work. The longshoremen refused to enter the terminal and departed the gate area. The Union officials cannot force longshoremen to go to work.

**DISCUSSION:**

The evidence supports the Employers motions in the dispute. The following ruling is granted.

**DECISION:**

1. ILWU Local 10, its Officials and members, are guilty of a violation of Section 17.57 for failing to implement Interim Decision NCAA-0060-2013.

2. ILWU Local 10, its Officials and members, are in violation of Section 11.1 due to no work being performed on the *Barge Luna Rosa* at PAOH, the *Ever Devote* at STS, the *Dresden Express* and *Barge M-580* at OICT, and the yard at OICT.

3. ILWU Local 10, its Officials and members, shall cease and desist failing to implement Area Arbitration Decision NCAA-0060-2013.

4. The evidence is that the local grievance machinery has failed to work to resolve this dispute as defined in Section 17.282.

*Terry N Lane*
_____
Terry N. Lane
Northern California Area Arbitrator

Dated: Monday, October 21, 2013

|  |  |  |
|---|---|---|
| IN THE MATTER OF CONTROVERSY | ) | NCAA-0062-2013 |
|  | ) |  |
| BETWEEN | ) | INTERIM DECISION |
|  | ) |  |
| INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 34 | ) ) ) ) | Of<br><br>Terry N. Lane<br>Northern California Area Arbitrator |
| AND | ) |  |
|  | ) | Under the Authority of the Pacific |
| PACIFIC MARITIME ASSOCIATION | ) ) | Coast Clerks' Contract Document<br>2008 – 2014 |
| Re: Picket Line Dispute – PAOH, TraPac, And STS Terminals | ) ) ) | Oakland, California |

The hearing was held by telephone conference at 11:50 a.m. on Monday, October 21, 2013. Each party was afforded a full opportunity for the examination and presentation of relevant arguments, documents and testimonies of witnesses. No transcript was made of this Hearing.

**APPEARANCES:**

FOR THE EMPLOYERS:     Dave Robinson
                       Pacific Maritime Association

FOR THE UNION:         Sean Farley
                       ILWU Local 34

**ISSUES:**

1. Whether a picket line by protestors at Ports America Outer Harbor (PAOH), TraPac, and Seaside Transportation Services (STS) Terminal was legitimate and bona fide as required by Section 11.51.

2. Whether ILWU Local 34, Officials and members, are guilty of a work stoppage in violation of Section 11.1.

**BACKGROUND:**

A picket line by protestors arrived at the access gate at PAOH, Berths 20-24, and STS Terminal at approximately 6:30 a.m. Interim Decision NCAA-0060-2013 determined that the presence of police and protestors was not an immediate threat to the health and safety of longshoremen. At the time of the hearing sessions resulting in NCAA-0060-2013, clerks were working at the PAOH and STS terminals for yard and gate operations. There were no protestors at the TraPac Terminal prior to 11:30 a.m. and the yard, gate, and ship operation were working at TraPac.

**Area Award No. NCAA-0062-2013**                                                                                                    Page 2
**Monday, October 21, 2013**

**EMPLOYER'S POSITION**:

At approximately 11:30 a.m. clerks at PAOH, STS, and TraPac all stopped working and began exiting the terminals.  A Clerks LRC was held in which the Union maintained that the clerks will not work behind a picket line.  The employers maintained that the clerks were guilty of a work stoppage in violation of Section 11.1.  The Employers argued that the Relief Area Arbitrator determined that the same protestors were not a legitimate and bona fide picket line.  There is no evidence these protestors meet any of the criteria required by Section 11.51.

**UNION'S POSITION:**

The Union maintains that the protestors are an organized group of truckers engaged in negotiations as to wages, hours and working conditions.  The Union maintains that the Terminal companies are the employers of the protesting truckers because the terminals hire truckers for the store door delivery of containers.  The Union argues that the picket line by the truckers meets the requirements of Section 11.51.

**DISCUSSION:**

There is no evidence of a picket line "by a union about the premises of an employer with whom it is engaged in a bona fide dispute over wages, hours or working conditions of employees, a majority of whom it represents as the collective bargaining agency."  These requirements of Section 11.51 have been upheld numerous times by past Area Arbitration decisions and Coast Arbitrations.  The Relief Area Arbitrator ruled as recently as August, 2013, that the truckers' protest was not a legitimate and bona fide picket line.

The cessation of work and departing the terminals by clerks was a work stoppage in violation of Section 11.1.

**DECISION:**

1.   The protestors at PAOH, STS, and TraPac Terminals are not a legitimate and bona fide picket line meeting the requirements of Section 11.51.

2.   ILWU Local 34, its officials and members, are guilty of a violation of Section 11.1 for stopping work at STS, TraPac, and PAOH Terminals.


                                                                                        *Terry N Lane*
                                                                            _____
                                                                                        Terry N. Lane
                                                                            Northern California Area Arbitrator

Dated:  Monday, October 21, 2013